IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

      Plaintiff,                       No. CIV S-07-0157 MCE EFB P

   vs.

SCOTT KERNAN, et al.,

      Defendants.                 ORDER

_____/

      Plaintiff is a state prisoner without counsel suing under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

/////

/////

1

On April 18, 2007, plaintiff filed a request that the court take judicial notice of two cases he previously filed in this district but his request is not in the context of any substantive or procedural motion currently pending before the court.[1]  A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).  However, as plaintiff was previously informed in Case No. Civ. S-03-1547 LKK JFM (a case in which plaintiff requested to have his exhibits transferred from that action to the instant action), plaintiff may ask the court to take judicial notice at such time in the litigation as the request actually relates to an issue pending before the court.

In case No. Civ. S-05-1755 LKK GGH, plaintiff also requested the court to transfer all exhibits filed in that case to the instant case along with all points and authorities.  He also filed a notice of related case pursuant to Local Rule 83–123, in which he again sought to move his exhibits from that case to the instant case.  However, the court earlier, on March 5, 2007, entered an order in case No. Civ. S-05-1755 LKK GGH declining to relate or reassign the cases.  The court stands by that previous order.  Likewise, the request to move documents from one case file to another is denied.

On September 14, 2007, plaintiff filed a supplement to his complaint alleging claims of conspiracy against defendant Felker.  As the court explains below, plaintiff's complaint is being dismissed with leave to amend.  Therefore, plaintiff may add whatever claims against Warden Felker he wished to allege in any amended complaint that he may file.  In addition to the instructions set forth below, plaintiff is advised that if plaintiff contends that he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

////

---

[1] Case Nos. Civ. S-03-1547 LKK JFM and Civ. S-05-1755 LKK GGH, both of which closed after granting defendants' motions to dismiss.

On September 28, 2007, plaintiff filed a motion for a status conference. Because this action lacks an operative complaint at this time and defendants have not yet been served, it is premature to schedule a status conference. Plaintiff's motion is therefore denied.

This court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2] 28 U.S.C. § 1915A(b).

The complaint in this action is so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. This rule requires the pleader to set forth his averments in a simple, concise, and direct manner.[3] The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).[4]

---

[2] Moreover, the court cannot require defendants to reply to such complaints without first determining whether plaintiff has a reasonable opportunity to prevail on the merits of his claims. 42 U.S.C. § 1997e(g).

[3] A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process. Wright & Miller § 1281 Rule 8 p. 519.

[4] In this regard, the mere fact that this action falls into the exclusive category the court must screen under § 1915A dictates a strict interpretation of whether the pleading is sufficiently short and plain. The undersigned has at least 200 such cases on his docket at any one time. One poorly-pleaded, 30-page prisoner complaint, multiplied by 200, yields 6,000 pages of material this court has an affirmative duty to review and screen (not to mention the frequency with which a pro se prisoner's pleading must go through amendment before service of process). Both the defendants *and* the court must select the relevant material from the mass of verbiage. "[T]he law does not require nor does justice demand that a judge must grope through [thousands of] pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved . . . in order to determine the grounds for the [plaintiff's] complaint." *Passic v. Michigan*, 98 F. Supp. 1015, 1016-17 (D.C. Mich. 1951).

3

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

But before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See, McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also, Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure.

In reviewing plaintiff's complaint, the court is required to guess who is being sued for what. If the pleading were served in its present form it would not give defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be quite different than the court's. *See, McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours, and may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved); *see also, Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1049-50 (9th Cir. 1971).

Plaintiff need not identify the law that makes the alleged conduct wrong. He may use his own language to state, simply and directly, the wrong that has been committed and clearly explain how each state actor identified as a defendant was involved and what relief plaintiff requests of each defendant. *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

////

Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint.

Plaintiff's amended complaint must adhere to the following requirements:

A complaint must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

More than one claim against a single defendant may be joined in the same action. Fed. R. Civ. P. 18(a).

Claims against different defendants may be joined in the same action only if the claims arise from the same transactions or occurrences. Fed. R. Civ. P. 20(a).

Each claim founded upon a separate transaction or occurrence must be set apart as a "separate count." Within each count, the circumstances that give rise to the claim must be alleged in separate, numbered paragraphs. Fed. R. Civ. P. 10(b).

These allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).[5]

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

---

[5] Negligence is not actionable under 42 U.S.C. § 1983. However, to illustrate the simplicity and brevity of statement contemplated by the rules (*see* Fed. R. Civ. P. 84), this example of a complaint based upon an automobile accident is provided:

1. Allegation of jurisdiction.
2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
3. As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

1  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El
2  v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
3  Civil Procedure is fully warranted" in prisoner cases).

4      The court (and defendant) should be able to read and understand plaintiff's pleading
5  within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many
6  defendants with unexplained, tenuous or implausible connection to the alleged constitutional
7  injury, or joining a series of unrelated claims against many defendants, very likely will result in
8  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
9  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

10     Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).

11     The amended complaint must be complete in itself without reference to plaintiff's
12 original complaint. Local Rule 15-220.

13     A prisoner pursuing civil rights claims without counsel, like all other litigants, is required
14 to obey the court's orders, including an order to amend his pleading. *Ferdik v. Bonzelet*, 963
15 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).
16 His failure to obey the court's orders and the local and federal rules and meet his responsibilities
17 in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik*, 963
18 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with
19 order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming
20 dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of
21 amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000)
22 (denying motion for leave to file third amended complaint and dismissing action with prejudice
23 for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33
24 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute);
25 *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for
26 pro se prisoner's failure to comply with local rule requiring he notify the court of any change of

address).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted;

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's April 18, 2007, motion for judicial notice is denied;

4. Plaintiff's September 14, 2007, motion to file a supplemental complaint is denied;

5. Plaintiff's September 28, 2007, motion for a status conference is denied; and

6. Plaintiff's complaint is dismissed with leave to amend within 60 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation the action be dismissed and, if warranted, that dismissal will be with prejudice.

Dated: February 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE