1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

      Plaintiff,                    No. CIV S-07-0157 MCE EFB P

      vs.

SCOTT KERNAN, et al.,

      Defendants.         <u>ORDER</u>

/

      Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 11, 2008, the court dismissed plaintiff's complaint with leave to amend, on the basis that the complaint was prolix and obscure in violation of Rule 8 of the Federal Rules of Civil Procedure. On February 25, 2008, plaintiff filed an amended complaint.

      The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim defendants  Rivas, Abney, Mendonca, Aguilera, Glenn, Jones, Rush, McGuire, Davis, Felker, Blankenship, Waybright, Luccarelli, Runnels, Bigford, Wagner, Jackson, Grannis, Melching, Ehle, Maddock, Avila, DeForest, Shelton, Prater, Goni, Stone, Cobb, Spidle, and Minnick. *See* 28 U.S.C. § 1915A.

////

1   For the reasons stated below, the court finds that the complaint does not state a
2   cognizable claim against defendants Colon, Naargard, Clark, Battey, Wong, Felker, Kernan, and
3   Terhune.
4   Plaintiff alleges that his First Amendment right to the free exercise of his religion was
5   violated under the authority of defendants Colon, Naargard, Clark, and Battey. Plaintiff names
6   Scott Kernan and Cal Terhune as defendants but fails to state charging allegations against them.
7   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that defendants Wong, Felker, Nargaard, and Clark conspired to place plaintiff in the Secured Housing Unit ("SHU") for terms beyond his Minimum Eligibility Parole

Date ("MEPD") and in excess of the term for which he was sentenced on disciplinary charges. In the context of conspiracy claims brought pursuant to § 1983, such a complaint must "allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988)(citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984)); *Burnett v. Short*, 441 F.2d 405, 406 (5th Cir. 1971). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974). Because plaintiff has failed to allege facts demonstrating a conspiracy among the defendants to house him in the SHU beyond his parole date, he has failed to state a conspiracy claim against these defendants.

If plaintiff chooses to amend the complaint to state conspiracy allegations against defendants Wong, Felker, Nargaard, and Clark, and allegations generally against defendants Kernan and Terhune, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may proceed forthwith to serve defendants Rivas, Abney, Mendonca, Aguilera, Glenn, Jones, Rush, McGuire, Davis, Felker, Blankenship, Waybright, Luccarelli, Runnels, Bigford, Wagner, Jackson, Grannis, Melching, Ehle, Maddock, Avila, DeForest, Shelton, Prater, Goni, Stone, Cobb, Spidle, and Minnick and pursue his claims against only those defendants or he may delay serving any defendant and attempt [again] to state a cognizable claim against

3

defendants Colon, Naargard, Clark, Battey, Wong, Felker, Kernan, and Terhune.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Colon, Naargard, Clark, Battey, Wong, Felker, Kernan, and Terhune, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Rivas, Abney, Mendonca, Aguilera, Glenn, Jones, Rush, McGuire, Davis, Felker, Blankenship, Waybright, Luccarelli, Runnels, Bigford, Wagner, Jackson, Grannis, Melching, Ehle, Maddock, Avila, DeForest, Shelton, Prater, Goni, Stone, Cobb, Spidle, and Minnick, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Colon, Naargard, Clark, Battey, Wong, Felker, Kernan, and Terhune without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

/////

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

/////

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Rivas, Abney, Mendonca, Aguilera, Glenn, Jones, Rush, McGuire, Davis, Felker, Blankenship, Waybright, Luccarelli, Runnels, Bigford, Wagner, Jackson, Grannis, Melching, Ehle, Maddock, Avila, DeForest, Shelton, Prater, Goni, Stone, Cobb, Spidle, and Minnick.

Accordingly, the court hereby orders that:

1. Claims against defendants Colon, Naargard, Clark, Battey, Wong, Felker, Kernan, and Terhune are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

6

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Rivas, Abney, Mendonca, Aguilera, Glenn, Jones, Rush, McGuire, Davis, Felker, Blankenship, Waybright, Luccarelli, Runnels, Bigford, Wagner, Jackson, Grannis, Melching, Ehle, Maddock, Avila, DeForest, Shelton, Prater, Goni, Stone, Cobb, Spidle, and Minnick. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed February 25, 2008, 30 USM-285 forms and instructions for service of process on defendants Rivas, Abney, Mendonca, Aguilera, Glenn, Jones, Rush, McGuire, Davis, Felker, Blankenship, Waybright, Luccarelli, Runnels, Bigford, Wagner, Jackson, Grannis, Melching, Ehle, Maddock, Avila, DeForest, Shelton, Prater, Goni, Stone, Cobb, Spidle, and Minnick. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and 31 copies of the endorsed February 25, 2008, first amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Rivas, Abney, Mendonca, Aguilera, Glenn, Jones, Rush, McGuire, Davis, Felker, Blankenship, Waybright, Luccarelli, Runnels, Bigford, Wagner, Jackson, Grannis, Melching, Ehle, Maddock, Avila, DeForest, Shelton, Prater, Goni, Stone, Cobb, Spidle, and Minnick will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Colon, Naargard, Clark, Battey, Wong, Felker, Kernan, and Terhune without prejudice.

Dated: May 5, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

        Plaintiff,                  No. CIV S-07-0157 MCE EFB P

    vs.

SCOTT KERNAN, et al.,

        Defendants.         <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__     completed summons form

        _____     completed forms USM-285

        _____     copies of the _____
                                    First Amended Complaint

Dated:

                                                _____
                                                       Plaintiff