IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

      Plaintiff,                    No. CIV S-07-0157 MCE EFB P

      vs.

SCOTT KERNAN, et al.,

      Defendants.          <u>ORDER</u>

                              /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff had filed discovery motions, motions for appointment of counsel and/or appointment of guardian ad litem, and motions for preferred legal user status. For the reasons explained below, each of plaintiff's motion is denied.

**I.  Discovery Motions**

None of the defendants have appeared in this action, yet plaintiff has filed the following: (1) a motion to compel response to complaint, filed June 11, 2008, and construed as a motion to compel responses to discovery; (2) a motion for discovery, filed July 7, 2008; (3) a request for a joint status conference, filed July 9, 2008; (4) a request for production of documents and deposition, filed July 18, 2008; (5) an affidavit and request for admission, filed July 18, 2008; and (6) a first request for admissions, filed July 18, 2008.

1 No defendant has appeared in this action and attempts to conduct discovery are
2 premature. The court will issue a discovery and scheduling order after a defendant files an
3 answer. Furthermore, notices of depositions, requests for production, requests for admissions,
4 responses and proofs of service thereof shall not be filed with the Clerk until there is a
5 proceeding in which the document or proof of service is at issue. When required in a
6 proceeding, only that part of the request and response that is in issue shall be filed. *See* L.R. 30-
7 250(a), 34-250(c) & 36-250(c). Therefore, plaintiff's discovery motions are denied.

**II. Requests for Appointment of Counsel/Guardian Ad Litem**

On July 28, 2008 and September 17, 2008, plaintiff requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

In his July 28, 2008 filing, plaintiff also requests that the court appoint a guardian ad litem. Pursuant to Rule 17(c)(2) of the Federal Rule of Civil Procedure, courts are required to "appoint a guardian ad litem–or issue another appropriate order–to protect . . . [an] incompetent person who is unrepresented in an action." A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

In his request, plaintiff merely informs the court that on a prior occasion, he was found mentally incompetent to stand trial.[1] However, in a filing dated August 11, 2008, plaintiff

---

[1] In his August 11, 2008 filing, plaintiff provides further details regarding the finding of incompetence and states that the Lassen County Superior Court made the finding on December 15, 2006. *See* Docket No. 41, 24.

2

appears to argue that this finding was erroneous, because "during the time the court allegedly stated [that] plaintiff was unfit to stand trial," he earned an associate degree and maintained a 4.0 grade point average.  Docket No. 41-1.  Furthermore, plaintiff does not assert that he currently suffers from a mental illness, or is otherwise incompetent to proceed in this action.  Rather, he has attached as an exhibit to his August 11, 2008 filing, a letter to plaintiff from the Associate Warden of High Desert State Prison.  The letter is dated July 10, 2008, and states "you have no disabilities requiring special accommodation to achieve effective communication."  Docket No. 41-14.  Accordingly, plaintiff's motion is denied without prejudice to the refiling of a motion accompanied by exhibits, medical records and/or declarations that establish that plaintiff currently suffers from a mental illness, and that mental illness prevents plaintiff from understanding and complying with the court's orders.

In his August 11, 2008 filing, plaintiff also requests a status conference on the issue of his incompetence.[2]  For the reasons stated above, this request is also denied.

**III.  Request for Preferred Legal User Status**

On August 13, 2008, plaintiff filed a motion for injunctive relief, which the court construes as a motion for preferred legal user access to the prison law library.  Plaintiff explains that he needs access to the library because he is litigating cases other than the instant action and in those other cases he has various filing deadlines.  In this action, however, there are no upcoming filing dates.  Plaintiff cannot demonstrate that his right of access to the courts is being impaired.  *See Lewis v. Casey*, 518 U.S. 343, 346, 384 (1996).  Thus, his motion is denied.

////

////

---

[2] In his August 11, 2008 filing, plaintiff also states that the prison is refusing to send his legal mail.  Plaintiff's six subsequent filings belie this assertion.  Furthermore, plaintiff claims he is being denied access to the prison law library.  This concern is addressed in section III with respect to his August 13, 2008 filing, which the court construes as a request for preferred legal user access to the library.

3

Accordingly, it is hereby ORDERED that:

1. Plaintiff's discovery motions, including the June 11, 2008 motion to compel a response to the complaint, construed as a motion to compel responses to discovery (docket no. 33), the July 7, 2008 motion for discovery (docket no. 35), and the July 9, 2008 request for joint status conference (docket no. 36), are DENIED as premature;

2. Plaintiff's request for production of documents and deposition, affidavit and request for admission, and first request for admissions, all filed on July 18, 2008 (docket nos. 37, 38 and 39), are STRICKEN and the Clerk of the Court shall make a notation on the docket to that effect;

3. Plaintiff's July 28, 2008 and September 17, 2008 motions for appointment of counsel and/or a guardian ad litem (docket nos. 40 and 43) are DENIED;

4. Plaintiff's August 11, 2008 motion for a status conference (docket no. 41) is DENIED;

5. Plaintiff's August 13, 2008 motion for injunctive relief, construed as a request for preferred legal access to the library (docket no. 42), is DENIED;

6. Plaintiff is admonished that the court views his filings to date as excessive and is cautioned that continued excessive motion practice will result in restrictions on his permission to file pleadings in this lawsuit. Plaintiff is further cautioned that failure to comply with any portion of this or any other order of this court will result in a recommendation that this action be dismissed.

Dated: November 24, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE