IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

        Plaintiff,                  No. CIV S-07-0157 MCE EFB P

      vs.

SCOTT KERNAN, et al.,

        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for a temporary restraining order and/or preliminary injunctive relief. For the reasons explained below, the court recommends that each of plaintiff's motions be denied.

**I.    Plaintiff's Motions**

    **A.    "Motion [F]or Change of Address" (September 22, 2008)**

      Plaintiff states that he "moves the court for a change of address," which the court construes as a request for injunctive relief to prohibit an institutional transfer to North Kern State Prison. Plaintiff states that he was notified on September 18, 2008, that he would be transferred from High Desert State Prison to North Kern, where in 1996, he was purportedly beaten, forcefully medicated, and subjected to racial epithets.

**B.     "Motion for Retaliation for Filing Civil Case Immediate TRO" and "Motion for Joint District 'TRO' Protection Order" (November 10, 2008)**

In plaintiff's November 10, 2008 motions, he claims that while housed at High Desert, officers extracted him from his cell, confiscated his property, and beat him.  He also claims that he was involuntarily transferred to another cell that was contaminated with pepper spray.  Plaintiff apparently resisted officers during the cell transfer, and plaintiff was later charged with battery on a peace officer and placed in administrative segregation.  Plaintiff requests that the court order that his legal property be returned to him to prepare for a December 9, 2008 trial in a separate civil action and that he be placed in federal custody.

**C.     "Motion for Federal Placement Protection" (November 24, 2008)**

Plaintiff states that on October 27, 2008, correctional officers extracted him from his cell, beat him, placed him in administrative segregation, denied him his religious meals, and denied him access to the prison law library.  From there, plaintiff alleges that officials transferred him to the "Z-unit," where the windows are covered with paper and plaintiff has no "outside contact."  Alleging that he is continually harassed and "written up," plaintiff requests placement in federal custody.

**D.     "Confidential Motion and Sworn Certificate" (March 9, 2009)**

Plaintiff requests that the court transfer him to a federal prison because officials at High Desert are allegedly retaliating against him for filing lawsuits.  Specifically, plaintiff states that High Desert officials falsely accused him of battery on a peace officer, and sentenced him to a term in the Security Housing Unit.  Further, plaintiff states that officials at High Desert refuse to transfer him to Atascadero State Mental Hospital, even though a state court ordered that he be transferred there over two years ago.

////

////

////

**II.     Standards**

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court).  The standards for issuing a temporary restraining order are the same as those for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *see also Hawaii County Green Party v. Clinton*, 980 F. Supp. 1160, 1163 (D. Hawai'i 1997).

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989).  A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted).  "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

////

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

**III.   Discussion**

Plaintiff filed a notice of change of address indicating that on September 18, 2008, he was transferred from High Desert to Corcoran State Prison for a September 22, 2008 civil trial. Docket No. 45. Plaintiff indicated that the trial concluded, and he therefore anticipated that he would be transferred back to High Desert. *Id.* On October 7, 2008, he was transferred back to High Desert. Docket No. 48 at 2. On March 24, 2009, plaintiff was again transferred to Corcoran. Docket No. 124. Thereafter, on May 15, 2009, plaintiff was transferred from Corcoran to Salinas Valley State Prison, where he was placed in the Psychiatric Program. Docket No. 126. Plaintiff's placement in the Psychiatric Program appears to have satisfied, or been a step toward satisfying, a January 11, 2007, Lassen County Superior Court order directing that plaintiff be committed to the Department of Mental Health. Docket No. 127 at 12.

Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. *See Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Plaintiff's transfers render his claims against officials at High Desert moot, as there is no indication that plaintiff will be transferred back to High Desert. Nor is there any indication that

plaintiff will be transferred to North Kern. *See Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985) (chance that prisoner might be retransferred to prison where injury occurred is too speculative to demonstrate reasonable expectation that injury may again occur).

Finally, plaintiff's requests for injunctive relief either fail to identify the purported wrongdoers, or name individuals or entities who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

**IV.     Conclusion**

Accordingly, the court hereby RECOMMENDS that:

1. Plaintiff's September 22, 2008 motion (docket no. 44), construed as a request for injunctive relief, be DENIED;

2. Plaintiff's November 10, 2008 motions for temporary restraining orders (docket nos. 51 and 52), be DENIED;

3. Plaintiff's November 24, 2008 motion for federal placement (docket no. 55) be DENIED; and

4. Plaintiff's March 9, 2009 motion (docket no. 113) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE