IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

      Plaintiff,                        No. CIV S-07-0157 MCE EFB P

      vs.

SCOTT KERNAN, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On November 24, 2008, the court warned plaintiff that his filings in this action were excessive and that if he continued to file excessive motions, it would result in restrictions on his filing of pleadings in this case. The court further warned plaintiff that his failure to comply with this court's orders would result in a recommendation that this action be dismissed. Since that order plaintiff has filed eight motions for discovery, eight motions for entry of default, and two requests for extensions of time.[1] Plaintiff has not heeded that admonition in the earlier order. Accordingly, for the reasons stated below, plaintiff's motions are denied and plaintiff shall file nothing further in this action unless ordered to do so by the court.

---

[1] Plaintiff has also filed numerous requests for injunctive relief, which will be addressed by the court in separately filed findings and recommendations.

**I.      Motions for Discovery**

On November 24, 2008, the court denied six discovery requests filed by plaintiff. The court explained to plaintiff that his attempts to conduct discovery were premature, as the court had not yet issued a discovery and scheduling order. Furthermore, the court informed plaintiff of the Local Rule providing that notices of depositions, requests for production, requests for admissions, responses and proofs of service thereof shall not be filed with the Clerk until there is a proceeding in which the document or proof of service is at issue.

Since the November 24, 2008 order, plaintiff has filed the following discovery-related motions: (1) a "motion to vacate" the portion of the court's November 24, 2008 order that struck plaintiff's request for production of documents and requests for admissions (December 29, 2008); (2) a "motion [for] discovery of California Public Records Act . . . to unstrike admissions from record" (January 6, 2009); (3) a "motion for admission discovery" (January 12, 2009); (4) a "motion to compel" (February 17, 2009); (5) a "motion to compel admissions sanctions" (March 3, 2009); (6) a "motion for discovery judicial intervention" (March 3, 2009); (7) an "additional admission motion" (March 4, 2009); and (8) a "motion for discovery judicial intervention" (March 16, 2009).   Plaintiff's filings continue to be excessive; even abusive.

In these motions, plaintiff again seeks to file his discovery requests with the court. As the court has previously informed plaintiff, however, his discovery requests "shall not be filed with the clerk until there is a proceeding in which the document or proof of service is at issue. When required in a proceeding, only that part of the request and response that is in issue shall be filed." Local Rules 33-250(c), 34-250(c), 36-250(c). Moreover, defendants' motion to dismiss is currently pending and no defendant has filed an answer. If and when a defendant files an answer in this action, the court will issue a discovery and scheduling order. Until then, plaintiff's discovery motions are premature and will be disregarded.

////

////

## II.     Motions for Entry of Default

Plaintiff has also filed eight motions requesting that the Clerk of the Court enter default for defendants Runnels, Felker, Grannis, Melching, Jackson, Wagner, Lucerelli, Bigford, Shelton, DeForest, Aguilera, Cobb, Spidle, Prater, Stone, McGuire, Mendonca, Davis, Waybright, Blankenship, Abney, Goni and Glenn.  *See* Docket Nos. 88, 97, 103, 104, 105, 109, 115, 120.  Federal Rule of Civil Procedure 55 states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The procedural history of this action plainly demonstrates defendants' intent to "otherwise defend" this action.

On December 18, 2008, defendants Grannis, Bigford, Shelton, DeForest, Spidle, Mendonca, Davis, and Blankenship requested an extension of time to file a responsive pleading. On December 30, 2008, the court granted defendants' request.  On January 28, 2009, the defendants named in the previous sentence, along with defendants Runnels, Felker, Melching, Jackson, Wagner, Luccerelli, Aguilera, Cobb, Prater, Stone, and McGuire, requested a second extension of time to file a responsive pleading.  In a declaration attached to the request, counsel for defendants indicated that all other defendants had not yet been served with the summons.  On February 5, 2009, the court granted defendants' second request for an extension of time, allowing them until February 23, 2009 to file a responsive pleading.

On February 17, 2009, plaintiff filed his first request for entry of default against defendants Grannis, Bigford, Shelton, DeForest, Spidle, Mendonca, Davis, Runnels, Felker, Melching, Jackson, Wagner, Lucerelli, Aguilera, Cobb, Prater, Stone, and McGuire.  However, as illustrated herein, each of these defendants had already requested and obtained an extension of time in which to file a response to plaintiff's complaint.  Shortly thereafter, on February 23, 2009, these defendants, along with defendants Blankenship, Minnick, Abney, and Waybright, timely filed a motion to dismiss.

3

1  The docket further reflects that plaintiff requested entry of default against defendants Goni and Glenn on March 12, 2009, and March 19, 2009, respectively. However, defendant Goni joined in the motion to dismiss on March 3, 2009, and defendant Glenn joined in the motion to dismiss on March 11, 2009.

None of these defendants were in default at the time plaintiff filed his motions requesting entry of default. Furthermore, each of these defendants has joined in the pending motion to dismiss, which evidences their intent to "otherwise defend this action" and renders plaintiff's requests for entry of default inappropriate at this time. *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993) ("it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading"). Accordingly, plaintiff's motions are denied.

### III.  Requests for Extensions of Time

On March 4 and 9, 2009, plaintiff requested an extension of time to file and serve a more definite statement in response to defendants' motion to dismiss filed on February 23, 2009. *See* Fed. R. Civ. P. 6(b). The requests are denied as unnecessary. There is no corresponding court-imposed deadline to extend. The court has before it plaintiff's opposition to defendants' motion to dismiss and when the court rules on the motion to dismiss, it will inform plaintiff as to whether and when he should submit an amended pleading.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's discovery motions (docket nos. 64, 69, 70, 89, 101, 102, 108 and 119) are stricken and the Clerk of the Court shall make a notation on the docket to that effect;

2. Plaintiff's motions for entry of default (docket nos. 88, 97, 103, 104, 105, 109, 115, 120) are denied;

3. Plaintiff's March 4 and 9, 2009 (docket nos. 107, 110) requests for extensions of time are denied as unnecessary; and

////

1      4. Despite the court's warning to plaintiff that it views his filings as excessive and that
2 sanctions may be imposed if he does not exercise appropriate restraint, plaintiff has continued to
3 file excessive motions which are an abuse of the court's process.  Thus, plaintiff shall file
4 nothing further in this action unless ordered by the court to do so.  Failure to comply with this
5 order will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P.
6 41(b).
7      Finally, if the case survives resolution of the pending motions to dismiss, the court will
8 issue a scheduling order that will instruct plaintiff as to the need for and timing of future filings
9 in this action.

10 DATED: June 9, 2009.

           _____
           EDMUND F. BRENNAN
           UNITED STATES MAGISTRATE JUDGE

5