1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE A. GIPBSIN,

11            Plaintiff,              No. CIV S-07-0157 MCE EFB P

12       vs.

13   SCOTT KERNAN, et al.,

14            Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This action proceeds on the February 25, 2008 amended complaint.  On February

18   23, 2009, defendants filed a motion to dismiss based on plaintiff's failure to state a claim, failure

19   to exhaust administrative remedies, and failure to comply with Federal Rule of Civil Procedure

20   18(a).[1]  In the alternative, defendants requested that plaintiff be required to file a more definite

21   statement under Rule 12(e).  On March 9, 2009, plaintiff filed an opposition, and on March 13,

22   2009, defendants filed a reply thereto.  Also before the court is plaintiff's December 31, 2008,

23

24       [1] The motion to dismiss was originally filed by defendants Abney, Mendonca, Aguilera,
     McGuire, Davis, Felker, Blankenship, Waybright, Lucarelli, Runnels, Bigford, Wagner, Jackson,
25   Grannis, Melching, DeForest, Shelton, Prater, Stone, Cobb, Spidle, and Minnick.  Defendants
     Goni, Glen and Jones subsequently joined in the motion to dismiss.  *See* Docket Nos. 99, 114,
26   123.

1   motion to supplement the complaint.  For the reasons stated below, the court recommends that

2   defendants' motion to dismiss be granted in part, that defendants' motion for more definite

3   statement be denied as unnecessary, and that plaintiff's motion to supplement be denied.

4   **I.      Plaintiff's Allegations**

5          Plaintiff alleges that on May 23, 2001, defendants Rivas, Abney, Mendonca, Aguilera,

6   Glenn, Jones, Rush, McGuire and Davis used excessive force on him in violation of his First,

7   Eighth and Fourteenth Amendment Rights.[2]  Compl. at 1-2.  Next, plaintiff alleges that

8   defendants Felker, Blankenship, Waybright, Lucarelli, and Runnels ordered defendant Bigford to

9   confiscate and destroy plaintiff's legal and religious materials "between May 2001, including

10  various other dates between 2002, 2003, 2004, 2005, 2006 and 2007."  *Id.* at 2.  Plaintiff further

11  alleges that defendants Felker, Blankenship, Waybright, Lucarelli, and Runnels deprived

12  plaintiff of his religious vegetarian meals from "June 29, 2001, off and on until about September

13  9th, 2004 or 2003 and 2005."  *Id.* at 3.

14         Plaintiff explains that he filed many grievances regarding the incidents described above,

15  as well as grievances regarding "additional issues."  *Id.* at 4.  According to plaintiff, however,

16  defendants Wagner, Jackson, Grannis, Melching, Ehle and Maddock destroyed, denied, screened

17  out, rejected or refused to answer plaintiff's grievances "from May 29, 2001, until, off and on,

18  December 9th, 2007," causing two lawsuits filed by plaintiff to be dismissed.[3]  *Id.* at 4.

19         Next, plaintiff alleges that "between May 2001 up until, off and on, January and February

20  30th, 2008, throughout 2002, 2003, 2004, 2005, 2006, 2007," defendant Avila has tampered

21  with, destroyed, or refused to send out plaintiff's legal mail, thereby denying plaintiff access to

22  ////

23  ////

24  _____

25         [2] Defendants Rivas and Rush have not yet been served with process.

26         [3] Defendant Ehle was served with process, *see* docket no. 82, but has not yet appeared in
    this action.  Defendant Maddock has not yet been served with process.

1    the courts.[4]  *Id.* at 5.

2          Plaintiff further alleges that on August 12, 2005, defendants Deforest, Shelton, Prater,

3    Goni and Stone used excessive force against plaintiff in retaliation for plaintiff's request for a

4    religious vegetarian meal after plaintiff refused to allow the food tray to be passed through his

5    food port because the meal did not conform to his religious beliefs.  *Id.* at 6, 7.

6          Plaintiff alleges that approximately two weeks later, on August 24, 2005, he blocked his

7    food port because defendants Spidle and Cobb refused to provide him a religious vegetarian

8    meal.  *Id.* at 7.  As a result, plaintiff alleges, Spidle and Cobb refused to feed him and pulled his

9    arm through the food port in an attempt to break it.  *Id.* at 7.  Plaintiff was then taken to see

10   defendant Minnick, who plaintiff alleges threatened him, asked why his arm was not broken, and

11   ordered staff not to feed him.  *Id.* at 7, 8.  Plaintiff further alleges that for three days Minnick

12   personally denied plaintiff his meals.  *Id.* at 8.

13   **II.    Motion to Dismiss**

14         Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

15   for failure to state a claim, Rule 12(b) on the ground that plaintiff failed to exhaust

16   administrative remedies prior to bringing this action as required by 42 U.S.C. § 1997e(a), and

17   Rule 18 for pleading unrelated claims against different defendants in one complaint.  In the

18   alternative, defendants move for a more definite statement under Rule 12(e).  The court finds that

19   the claims alleged in the complaint do not belong in a single action, and will therefore

20   recommend that the motion to dismiss be granted on that basis.  However, as explained below,

21   the court will allow this action to proceed on the claims regarding the events of August 12, 2005.

22         Plaintiff's claims arise from multiple events related only in that all apparently occurred at

23   High Desert State Prison.  Plaintiff alleges that nine defendants used excessive force in 2001,

24   that an additional six defendants interfered with plaintiff's inmate appeals from 2001 to 2007,

25

26         [4] Defendant Avila has not yet been served with process.

3

1   and that another defendant interfered with plaintiff's legal mail from 2001 to 2007.  Plaintiff also

2   states that another six defendants destroyed his property from 2001 through 2007, and that five

3   of those defendants also denied him a religious diet.  Plaintiff further claims that another five

4   defendants used excessive force and retaliated against him on August 12, 2005 and that three

5   other defendants violated his constitutional rights on August 24, 2005.

6          As defendants note, there is no apparent connection between plaintiff's claims, which

7   span seven years and name thirty defendants.  Plaintiff's unrelated claims against different

8   defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R.

9   Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as

10  many claims . . . as the party has against an opposing party.'  Thus multiple claims against a

11  single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim

12  B against Defendant 2.  Unrelated claims against different defendants belong in different suits,

13  not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but

14  also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act

15  limits to 3 the number of frivolous suits or appeals that any prisoner may file without

16  prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th

17  Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both

18  commonality and same transaction requirements are satisfied).

19         The same principles apply here.  Plaintiff may not proceed with a "mishmash of a

20  complaint."  *George*, 507 F.3d at 607.  He may not proceed in a single action with unrelated

21  claims against unrelated defendants.  Plaintiff's complaint fails to comply with the rules

22  regarding joinder of claims and defendants, and undermines the intent of the Prison Litigation

23  Reform Act.  *See id.*; Fed. R. Civ. P. 18(a), 20(a)(2).  Accordingly, this action should proceed

24  only on plaintiff's claims arising from the August 12, 2005 events, which were not otherwise

25  challenged in defendants' motion to dismiss.  However, plaintiff's remaining claims must be

26  dismissed, without prejudice to being raised in a separate action.  The court will also deny

4

1  defendants' motion for a more definite statement as unnecessary, given that defendants should be

2  able to prepare a responsive pleading to plaintiff's complaint as herein narrowed.  *See* Fed. R.

3  Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a

4  responsive pleading is allowed but which is so vague or ambiguous that the party cannot

5  reasonably prepare a response.").

6  **III.    Motion to Supplement the Complaint**

7           On December 31, 2008, plaintiff filed a motion to supplement the complaint with an

8  excessive force claim against another twelve defendants regarding an incident that allegedly

9  occurred in October, 2008.  *See* Fed. R. Civ. P. 15(d).  As explained above, this action will

10  proceed on plaintiff's claims regarding the events of August 12, 2005.  Plaintiff may not add

11  new, unrelated claims or defendants to this action, and must commence a new action if he wishes

12  to pursue such claims as they arise.

13  **IV.    Conclusion**

14           Based on the above, it is hereby RECOMMENDED that:

15           1.  Defendants' motion to dismiss be granted in part, in that plaintiff's claims arising

16  from events other than those alleged to have occurred on August 12, 2005, be dismissed, without

17  prejudice to being raised in separate actions.  *See* Fed. R. Civ. P 18(a), 20(a)(2).  This action

18  shall therefore proceed against defendants Deforest, Shelton, Prater, Goni, and Stone only, on

19  plaintiff's claims relating to the August 12, 2005 events;

20           2.  Defendants' motion for a more definite statement be denied as unnecessary; and

21           3.  Plaintiff's December 31, 2008 motion to supplement be denied.

22           These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v.*
*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE