IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

      Plaintiff,                      No. CIV S-07-0157 MCE EFB P

      vs.

SCOTT KERNAN, et al.,

      Defendants                 <u>ORDER</u>

                                     /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This order addresses defendants' December 23, 2009 request for an extension of time, plaintiff's December 28, 2009 request for entry of default, plaintiff's December 28, 2009 and January 11, 2010 motions for summary judgment, plaintiff's December 29, 2009 and January 11, 2010 motions to compel, defendants' January 27, 2010 motions to strike, plaintiff's January 7, 2010 and January 11, 2010 motions to compel the depositions of defendants, plaintiff's February 19, 2010 request for a pretrial conference, defendants' February 12, 2010 motion to compel and for sanctions, plaintiff's February 22, 2010 request for sanctions, and defendants' February 23, 2010 motion to withdraw their motion to compel interrogatory responses.

////

**I.      Plaintiff's Motion for Entry of Default**[1]

On December 28, 2009, plaintiff requested that the court enter default against defendant Ehle. Dckt. No. 160. The court dismissed defendant Ehle from this action on September 30, 2009. Dckt. No. 143. Plaintiff's motion is therefore denied, as Ehle has been relieved of any obligation to defend himself in this action.

**II.     Plaintiff's Motions to Compel**

On December 29, 2009, plaintiff filed a motion to compel defendants to respond to plaintiff's first and second set of admissions and request for production of documents. Dckt. No. 162. He also requested an order requiring defendants to allow him to review his central and medical files. *Id.* On January 8, 2010, defendants opposed plaintiff's motion. Dckt. No. 165. Defendants assert that all but three of the requested discovery responses were served on plaintiff on December 23, 2009. *Id.* As to the three outstanding sets of discovery responses, defendants note that on December 23, 2009, they requested an extension of time until January 15, 2010, in which to serve those responses. *Id.*; *see* Dckt. No. 159. Good cause appearing, defendants are granted the requested extension of time, and plaintiff's motion to compel is denied as moot.

The court also denies plaintiff's request for an order directing defendants to grant plaintiff access to his medical and central files. As defendants point out, plaintiff's medical and central files are in the possession, custody and control of the California Department of Corrections and Rehabilitation and defendants should not be ordered to provide plaintiff access to documents that they do not maintain.[2] *See* Dckt. No. 165 at 2.

////

---

[1] Although plaintiff designated the motion as one requesting reconsideration, the court has not previously addressed a motion for entry of default against defendant Ehle.

[2] This is not to say the plaintiff is not entitled to records from the Department. However, defense counsel indicates that she has contacted the Litigation Coordinator at plaintiff's institution to request that he be provided with an Olson Review. Dckt. No. 165 at 2, n.1; *see In re Olson*, 37 Cal.App.3d 783, 790-91 (1974) (prisoner has a right to review his prisoner files).

On January 11, 2010, plaintiff re-filed his December 29, 2009 motion to compel. Dckt. No. 166. Defendants move to strike the motion as duplicative. Dckt. No. 169. Although plaintiff attached additional exhibits to the January 11, 2010 motion, the motion itself is identical to the December 29, 2009 motion and is denied for the same reasons. Defendants' motion to strike is denied as moot.

### III.    Plaintiff's Motions for "Deposition Hearing"

On January 7, 2010 and January 11, 2010, plaintiff requested that the court order defendants to appear at High Desert State Prison so that plaintiff could take their depositions. Dckt. Nos. 164, 167. Rule 30 of the Federal Rules of Civil Procedure requires that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). That party must also arrange for an officer to conduct the depositions. Fed. R. Civ. P. 30(b)(5)(A). Plaintiff does not indicate that he ever noticed defendants' depositions. Therefore, the court will not compel defendants' attendance at any deposition and denies plaintiff's motions.

### IV.    Plaintiff's Motions for Summary Judgment and a Pretrial Conference

On December 28, 2009, plaintiff filed a one-page motion for summary judgment on the ground that defendants did not dispute their liability in their earlier filed motion to dismiss. Dckt. No. 161. As defendants contend in their opposition, plaintiff's argument is without merit and his motion is procedurally deficient for failure to comply with Local Rule 260(a), which requires that every motion for summary judgment be accompanied by a statement of undisputed facts with specific references to any evidentiary documents relied upon in the motion. *See* Dckt. No. 163. Plaintiff's motion for summary judgment is therefore denied.

On January 11, 2010, plaintiff re-filed his December 28, 2009 motion for summary judgment. Dckt. No. 168. It is denied for the same reasons. Defendants' motion to strike the motion as duplicative is denied as moot. *See* Dckt. No. 170.

3

On February 19, 2010, plaintiff requested a pretrial conference. Dckt. No. 172. The request will be denied as unnecessary. Pursuant to the October 20, 2009 scheduling order, pretrial proceedings, if necessary, will be scheduled upon the resolution of any pretrial motions filed. Dckt. No. 145 at 4.

**V.  Defendants' Motion to Compel**

On February 12, 2010, defendants filed a motion to compel discovery responses and a motion for sanctions. Dckt. No. 171. Specifically, defendants contend that plaintiff has not responded to defendants' First Set of Requests for Production of Documents.[3] Defendants request that the court order plaintiff to respond to their request for production of documents, and stay the dispositive motion deadline until two months after such responses have been provided. *Id.* Defendants further request that plaintiff not be permitted to object to any of defendants' document requests because such objections would be untimely. *Id.* Finally, defendants seek monetary sanctions for the costs incurred in bringing the motion to compel, in the sum of $340. *Id.* Alternatively, defendants request terminating sanctions. *Id.*

In his opposition, plaintiff claims he has not been provided with the Olson review, and until such time, he cannot provide defendants with the requested documents. Dckt. No. 173. As plaintiff concedes he has not responded to defendants' request for production of documents, the court will grant defendants' motion to the extent that the court will order plaintiff to respond to defendants' request for production of documents, and stay the dispositive motion deadline until two months after such responses have been provided. However, in light of plaintiff's claim that as of February 9, 2010, he had not received defendants' discovery requests and has been denied access to his prison files, as well as the fact that defendants have requested and received two extensions of time to respond to plaintiff's discovery requests, the court does not find that

---

[3] Defendants' also moved to compel plaintiff to produce responses to defendants' First Set of Interrogatories. Dckt. No. 171. However, defendants moved to withdraw that portion of the motion to compel on February 23, 2010, explaining that plaintiff had provided the requested responses. Dckt. No. 174.

sanctions at this time are warranted. *See* Dckt. No. 171 at 3, 173; *see also* Dckt. No. 154, 155, 159.

Notwithstanding the difficulties described by plaintiff with respect to defendants' document requests, plaintiff is still obligated to respond to each request. *See* Fed. R. Civ. P. 34(b)(2)(A). As to each request, plaintiff must either produce the responsive document(s) or object to the request with an explanation as to why the document(s) cannot be produced. *Id.* at 24(b)(2)(B). While plaintiff is not required to produce documents that are not in his possession, custody or control, he must still provide a response to each document request certifying that there are no responsive documents in his possession. *See* Fed. R. Civ. P. 34(a).

Plaintiff also requests that defendants be sanctioned in the amount of $340 given that plaintiff also filed a motion to compel discovery responses. Dckt. No. 173. Plaintiff's request, dated February 17, 2010, is denied as untimely (the deadline for bringing such a motion was February 12, 2010) and as lacking merit. *See* Dckt. No. 145 at 4.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's December 28, 2009 request for entry of default against defendant Ehle, Dckt. No. 160, is denied.

2. Defendants' December 23, 2009 request for an extension of time, Dckt. No. 159, is granted.

3. Plaintiff's December 29, 2009 and January 11, 2010 motions to compel, Dckt. Nos. 162 and 166, are denied.

4. Defendants' January 27, 2010 motion to strike plaintiff's January 11, 2010 motion to compel as duplicative, Dckt. No. 169, is denied as moot.

5. Plaintiff's January 7, 2010 and January 11, 2010 motions to compel the depositions of defendants, Dckt. Nos. 164 and 167, are denied.

6. Plaintiff's December 28, 2009 and January 11, 2010 motions for summary judgment, Dckt. Nos. 161 and 168, are denied.

7. Defendants' January 27, 2010 motion to strike plaintiff's January 11, 2010 motion for summary judgment as duplicative, Dckt. No. 170, is denied as moot.

8. Plaintiff's February 19, 2010 request for a pretrial conference, Dckt. No. 172, is denied.

9. Defendants' February 12, 2010 motion to compel and for sanctions, Dckt. No. 171, is granted to the extent that plaintiff must, within 21 days of the date this order is filed, serve responses to defendants' request for production of documents.  Good cause appearing, the May 7, 2010 dispositive motion deadline is vacated, and dispositive motions shall be filed on or before August 13, 2010.

10. Plaintiff's February 22, 2010 request for sanctions, Dckt. No. 173, is denied.

11. Defendants' February 23, 2010 motion to withdraw their motion to compel interrogatory responses, Dckt. No. 174, is granted.

12. Plaintiff is cautioned that failure to comply with this and/or future orders may result in sanctions, including the sanction of dismissal.

Dated:  May 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE