IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

    Plaintiff,                    No. CIV S-07-0157 MCE EFB P

    vs.

SCOTT KERNAN, et al.,

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel on his February 25, 2008 amended complaint which assert claims brought under 42 U.S.C. § 1983. On September 30, 2009, the court issued an order directing that this action proceed on plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against defendants Deforest, Shelton, Prater, Goni and Stone ("defendants"). Dckt. Nos. 138, 143.

        Defendants move for summary judgment contending that plaintiff cannot show that defendants violated plaintiff's First Amendment rights, and that plaintiff's Eighth Amendment claim is barred because it necessarily implies the invalidity of his prison disciplinary action and state court conviction. Dckt. No. 180. Defendants also contend they are entitled to qualified immunity. For the reasons explained below, defendants' motion must be granted in part and denied in part.

I.   **Summary Judgment Standards**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material facts; *e.g.*, issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex*, 477 U.S. at 323.

Focus on where the burden of proof lies on the issue in question is crucial to summary judgment procedures. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set

forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In this regard, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.

Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). However, the opposing party must demonstrate with adequate evidence a genuine issue for trial. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989). The opposing party must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. If the evidence presented could not support a judgment in the opposing party's favor, there is no genuine issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On October 16, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**II.   Undisputed Facts**[1]

On August 12, 2005, plaintiff refused his dinner and asked to speak to either the Cook or the Sergeant. Defs.' Mot. for Summ. J. ("Defs.' MSJ"), Stmt. of Undisp. Facts in Supp. Thereof ("SUF") 8; Defs.' MSJ, Decl. of J. Devencenzi in Supp. Thereof ("Devencenzi Decl."), Am. Ex. A ("Pl.'s Dep.") at 14:11-16. Plaintiff was then escorted to an office by defendants Deforest and Shelton. Pl.'s Dep. at 14:17-15:8. Deforest and Shelton called defendant Goni, Correctional Cook, and asked him to report to the office as well. SUF 4, 11.

---

[1] Defendants stipulate to their "undisputed facts" for purposes of their motion only and do not stipulate to such facts in the event this matter proceeds to trial. *See* Defs.' Mot. for Summ. J. ("Defs.' MSJ"), Mem. of P. & A. in Supp. Thereof ("Defs.' P. & A.") at 1, n.1.

4

Plaintiff testified in his deposition that while he was alone with Deforest and Shelton, Deforest ordered plaintiff to stand and plaintiff stood up. SUF 12. Subsequently, Goni arrived at the office. SUF 14. Plaintiff testified further that Shelton blocked the door, ordered plaintiff to sit down, and then swung and hit plaintiff in the mouth. SUF 15, 16, 17. Plaintiff claims that his arms flew back and that he grabbed Shelton. SUF 17; Am. Compl. at 6.[2] According to plaintiff, Deforest then struck plaintiff in the side of the face and Shelton threw plaintiff over the desk and continued to strike him. SUF 18, 19. In his verified complaint, plaintiff alleged that after landing on the floor, Deforest continued to punch plaintiff in the face and head, while Shelton punched plaintiff's body. Am. Compl. at 6-7. Plaintiff also alleged that while on the office floor, defendants Prater, Goni and Stone "beat plaintiff in the face, the back of the head, neck, ribs, stomach, side of the body, and slugged [plaintiff] in the legs and ankles with the night stick . . . ." *Id.* at 7. At his deposition, plaintiff testified that Prater had hit plaintiff's legs with a baton and that Stone had grabbed his feet. SUF 20, 21; Pl.'s Dep. at 39:3-20. Plaintiff was placed in handcuffs while he was on the floor. SUF 20.

Plaintiff was issued a Rules Violation Report (RVR) for battery on a peace officer for the August 12, 2005 incident and lost 150 days of credit. SUF 22, 24. Plaintiff's guilty finding was based on: (1) Deforest's statement "I did not order or tell Gibson to get up. Goni was speaking when the inmate got up. At no time prior to the assault, did I tell Gibson to be handcuffed"; (2) Shelton's statement "Inmate Gibson refused my order, swinging his right arm in a counter clockwise motion striking me on the left side of my chest"; and (3) Deforest's statement "I then observed inmate Gibson's right hand swing towards Sergeant Shelton. From where I was standing Inmate Gibson exposed his med-section while punching Sergeant Shelton." SUF 25, 26, 27.

---

[2] The court will treat plaintiff's verified complaint as an affidavit for purposes of summary judgment pursuant to Federal Rule of Civil Procedure 56(c)(4), to the extent it sets forth matters based on plaintiff's personal knowledge. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

5

Plaintiff also pled no contest to the battery charge in state superior court and was sentenced to two additional years in prison.[3]  SUF 29; Defs.' Req. for Jud. Ntc. (plea form and abstract of judgment).

**III.   Discussion**

    **A.   First Amendment Retaliation Claim**

Plaintiff claims that on August 12, 2005, defendants applied excessive force in retaliation for plaintiff filing a civil lawsuit regarding his religious diet.  SUF 7; Pl.'s Dep. at 59:6-11, 60:1-61:6.  There are five elements to a First Amendment retaliation claim: (1) a state actor took some adverse action against a prisoner (2) because (3) the prisoner engaged in protected conduct; (4) resulting in the chilling of plaintiff's First Amendment rights or other more-than-minimal harm; and (5) the action did not reasonably advance a legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Defendants move for summary judgment on this claim on the ground that plaintiff does not have sufficient evidence to support his claim that defendants' actions were retaliatory in nature.  Defs.' P. & A. at 6.  Specifically, defendants contend that they were required to use force on plaintiff in response to plaintiff committing a battery on defendant Shelton, and that gaining control of an inmate that is attacking a peace officer is a legitimate penological interest.  *Id.* at 6-7.  They argue that the evidence does not support the claim that the force applied was motivated by retaliation rather than the need to stop the assault.  In his opposition brief, plaintiff repeats his claim that defendants retaliated against him.  Pl.'s Opp'n to Defs.' MSJ (Dckt. No. 183), Mem. of P. & A. in Supp. Thereof, at 6.  However, plaintiff's opposition is not signed under penalty of

---

[3] Defendants request that the court take judicial notice of the superior court records (complaint, plea form, and abstract of judgment) in *The People of the State of California v. Gibson (Lassen County Superior Court, CH023224)*.  Defs.' MSJ, Req. for Jud. Ntc. in Supp. Thereof.  Plaintiff does not oppose the request.  The court therefore takes judicial notice pursuant to Federal Rule of Evidence 201(d).

6

perjury, nor is it supported by personal knowledge that defendants' use of force was retaliatory. His brief, therefore, cannot be considered admissible evidence. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (court must consider as evidence in pro se plaintiff's opposition to motion for summary judgment, all of plaintiff's contentions that are based on personal knowledge, attested as true and correct under penalty of perjury, and otherwise admissible). Moreover, plaintiff fails to identify any evidence, admissible or not, in the exhibits to his opposition, that supports his allegation that defendants acted with retaliatory intent. Plaintiff has offered no evidence regarding whether defendants were even aware of plaintiff's civil lawsuit. He surely has not presented evidence upon which a reasonable jury could render a verdict in his favor on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252; *Celotex Corp. v. Catrett*, 477 U.S. at 323. Accordingly, the court finds that plaintiff has failed to establish a genuine dispute of material fact with respect to his retaliation claim and defendants' motion for summary judgment must be granted with respect to plaintiff's retaliation claim.

### B. Eighth Amendment Excessive Force Claim

Defendants argue that plaintiff's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), "because [it] contradict[s] the prison disciplinary action and his felony battery conviction." Defs.' P. & A. at 4. In *Heck*, the Supreme Court ruled that a § 1983 claim which necessarily calls into question the lawfulness of a plaintiff's conviction or imprisonment is not cognizable unless the plaintiff can show his conviction or sentence has been invalidated. 512 U.S. at 486-87. In *Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997), the Court ruled *Heck* applied to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . ." Stated another way, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (citing *Heck*, 512 U.S. at 487 n.6). However, when the § 1983 claim does not necessarily implicate the underlying disciplinary action (or criminal conviction), it may proceed. *See Muhammed v. Close*, 540 U.S.

7

749, 754-55 (2004).

Defendants contend that "[p]laintiff's version of the events, that he was attacked, impermissibly negates the disciplinary findings that he committed battery on a peace officer" and "is inconsistent with his criminal conviction." Defs.' P. & A. at 5-6. Defendants contend further that plaintiff "cannot avoid this bar by claiming that he was simply acting in self-defense, because a finding of self-defense would impermissibly negate the findings of his disciplinary proceeding that he committed battery on an officer and his conviction of battery." *Id.* at 6. The court does not agree and will therefore recommend that summary judgment be denied as to plaintiff's excessive force claim.

Plaintiff was charged with and found guilty of battery on a peace officer under former Cal. Code Regs., tit. 15 § 3005(c),[4] which provided that "[i]nmates shall not willfully commit . . . a violent injury to any person or persons . . . ." *See* Devencenzi Decl., Ex. B (Rules Violation Report. Log number FD-08-0027). However, as discussed below, success on plaintiff's claims would not necessarily negate any of the elements of this offense. *See Candler v. Woodford*, No. C 04-5453 MMC, 2007 U.S. Dist. LEXIS 83988, at *23 (N.D. Cal. Nov. 1, 2007) ("because defendants have not shown that a finding of their use of excessive force would necessarily negate an element of the battery offense, the Court cannot conclude that plaintiff's claims are barred under Heck.").

Plaintiff's guilt for battery on a peace officer, and use of excessive force by responding officers are not mutually exclusive factual predicates. The factual context in which the force was used is disputed. Shelton could have been the initial aggressor, as plaintiff contends. And, if plaintiff's version were believed, plaintiff could have responded to Shelton's application of force by willfully committing a violent injury to Shelton, i.e., swinging and striking Shelton. If plaintiff responded with more force than that allowed to advance a successful self-defense

---

[4] This section has since been renumbered and amended as § 3005(d)(1).

8

argument, plaintiff could still be guilty of battery. *See Simpson v. Thomas*, No. 2:03-cv-0591 MCE GGH, 2009 U.S. Dist. LEXIS 39945, at *9-10 (E.D. Cal. May 12, 2009) (success on the plaintiff's excessive force claim would not necessarily invalidate the plaintiff's battery conviction where the record did not rule out the possibility that the hearing officer had "determined that Defendant struck first, but Plaintiff responded by using more force than was required to protect himself, thus resulting in a non-privileged attack.").

Here, the record does not rule out the possibility that the disciplinary hearing officer found that Shelton had struck first.  The hearing officer based the disciplinary conviction on Deforest's statement that he had not ordered plaintiff to stand up and that he saw plaintiff swing and punch Shelton, and Shelton's statement that plaintiff refused Shelton's order and hit Shelton. SUF 25, 26, 27.  According to plaintiff, he was directed to stand up by Deforest, then directed to sit down by Shelton, and then hit in the face by Shelton.  SUF 12, 16, 17.  As a result of being hit, plaintiff claims his arms flew up and he grabbed Shelton.  SUF 17; Am. Compl. at 6.  The only direct contradiction between plaintiff's version of events and the hearing officer's findings is whether Deforest had ordered plaintiff to stand up.  Whether or not this occurred is not essential to the determination that plaintiff was guilty of battery.  Thus, while plaintiff's version of events contradicts the disciplinary hearing officer's finding that Deforest had not ordered plaintiff to stand, success on plaintiff's excessive force claim would not exclude the possibility that plaintiff battered Shelton.

Since plaintiff "could have been convicted of battery even if he had initially acted in self-defense, and since it is not clear from the record that such was not the case, [p]laintiff's instant claim is not barred." *Simpson*, 2009 U.S. Dist. LEXIS 39945 at *10.  *See also Gabalis v. Plainer*, No. CIV S-09-0253-CMK, 2010 U.S. Dist. LEXIS 124121, at *20 (E.D. Cal. Nov. 23, 2010) ("Success on plaintiff's claims, which arise from *defendants' alleged conduct*, would not necessarily imply that the factual bases for the rules violation (i.e., *plaintiff's conduct*) no longer exist such that the guilty finding would be invalidated.  In other words, it is possible for

9

1  defendants to have used excessive [force] *and* for plaintiff to have attempted to assault a
2  correctional officer. Thus, success on plaintiff's civil rights claims would not necessarily imply
3  that the guilty finding and resulting loss of good-time credits is invalid." (emphasis added)).

4      Additionally, defendants could have responded to plaintiff's battery with excessive force.
5  Defendants' subsequent use of excessive force would not negate a finding that plaintiff was
6  guilty of battery. *See Smith v. City of Hemet*, 394 F.3d 689, 693 (9th Cir. 2005) (en banc)
7  ("Smith's § 1983 action is not barred by *Heck* because the excessive force may have been
8  employed against him subsequent to the time he engaged in the conduct that constituted the basis
9  for his conviction. In such circumstance, Smith's § 1983 action neither demonstrates nor
10 necessarily implies the invalidity of his conviction."); *Sanford v. Motts*, 258 F.3d 1117, 1120
11 (9th Cir. 2001) ("[I]f [the officer] used excessive force subsequent to the time Sanford interfered
12 with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction.
13 *Heck* is no bar."). Thus, plaintiff's battery conviction could still stand even with a finding that
14 defendants applied excessive force before and/or after plaintiff struck Shelton. Because
15 defendants have not shown that plaintiff's excessive force claim necessarily implicates the
16 underlying disciplinary action, it may proceed.

17     Plaintiff was also convicted in state court of battering Shelton pursuant to California
18 Penal Code § 4501.5, *see* Defs.' Req. for Jud. Ntc., Ex. A, which states: "Every person confined
19 in a state prison of this state who commits a battery upon the person of any individual who is not
20 himself a person confined therein shall be guilty of a felony . . . ." The record contains no
21 evidence as to the specific factual basis for plaintiff's no contest plea to battering Shelton. As a
22 result, the court cannot conclude that plaintiff's excessive force claim necessarily implies the
23 invalidity of the felony battery conviction.[5] *See Smith*, 394 F.3d. at 698-99 (where the record

---

[5] In support of their argument that plaintiff's excessive force claim is *Heck* barred, defendants direct the court to the facts of *Cunningham*:

did not reflect which of plaintiff's actions constituted the basis of his plea to resisting arrest, success on plaintiff's excessive force claim would not necessarily invalidate the resisting arrest conviction). Like the disciplinary action, defendants have not shown that the validity of plaintiff's felony battery conviction would be implicated were plaintiff to prevail on his excessive force claim.

In light of the above, the court finds that defendants have not met their burden of demonstrating the absence of a genuine dispute of material fact as to plaintiff's excessive force claim, and their motion should be denied as to this claim.

### C. Qualified Immunity

Defendants contend they are entitled to qualified immunity "because no clearly established law would have placed a reasonable correctional officer on notice that utilizing minimal force to subdue an inmate attacking an officer was a constitutional violation." Defs.' P. & A. at 8. Qualified immunity protects government officials from liability for civil damages if a reasonable person would not have known that the conduct violated a clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). Undoubtedly, taking the facts as alleged by the defendants and assuming only minimal force to subdue an inmate, a reasonable person

---

> In *Cunningham,* two robbers exchanged gunfire with police officers surrounding their getaway car. The exchange resulted in the death of one robber and an attempted murder and a felony-murder conviction for the other. *Cunningham v. Gates*, 312 F.3d 1148, 1152. Following his conviction, the surviving robber attempted to bring an excessive force claim against the officers. *Id.* He argued that the police fired first and that the officers' excessive use of force created a situation that provoked him into firing his weapon. *Id*. at 1154. The Ninth Circuit held that both theories were barred under *Heck* because they disputed factual issues that had been resolved in the criminal action against him. *Id. The theory that police fired first was "squarely barred" because the plaintiff's felony murder conviction required the jury to find that he had intentionally provoked the deadly police response, and did not act in self-defense. Id*. Thus, any claim that the plaintiff was not the provocateur necessarily fails. *Id*.

Defs.' P. & A. at 5 (emphasis added). Here, unlike *Cunningham*, defendants have not shown that plaintiff's battery conviction required a finding that plaintiff had not initially acted in self-defense.

11

could not conclude that defendants violated a clearly established right. That is not the test, however, for qualified immunity.

In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, the court considers two questions: 1) do the facts alleged show the officer's conduct violated a constitutional right; and 2) was the right clearly established? *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (courts have discretion to decide which of the two *Saucier* prongs to address first). For purposes of evaluating defendants' assertion of qualified immunity, the *court must look at the facts in the light most favorable to plaintiff. Saucier*, 533 U.S. at 201. Defendants' argument, is premised on an assumption that is disputed and cannot be conclusively shown from the record, namely, that defendants used only minimal force in order to subdue plaintiff. Viewing the facts in the light most favorable to plaintiff, they set forth a violation of plaintiff's Eighth Amendment rights. *See* Am. Comp. 6-7. Moreover, in August of 2005, plaintiff's right to be free from the use of excessive force by correctional officers was clearly established. *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). Accordingly, the court finds that defendants are not entitled to summary judgement on the basis of qualified immunity.

**IV.   Recommendation**

For the reasons stated above, IT IS HEREBY RECOMMENDED that defendants' August 12, 2010 motion for summary judgment be GRANTED as to plaintiff's First Amendment retaliation claim and DENIED as to plaintiff's Eighth Amendment excessive force claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE