1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE A. GIPBSIN,

11              Plaintiff,                    No. 2:07-cv-0157 MCE EFB P

12        vs.

13   SCOTT KERNAN, et al.,

14              Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This action proceeds on plaintiff's Eighth Amendment excessive force

18   claim against defendants Deforest, Goni, Prater, Shelton, and Stone.  Trial is set for November

19   26, 2012.  Dckt. No. 204.  Plaintiff seeks the issuance of a preliminary injunction mandating that

20   during trial, he be allowed to retain his legal papers at all times, and be allowed to shower and

21   shave daily.  He also states that his mail is not being processed properly, which is interfering

22   with his efforts "for the self-publication of his first book," and requests an explanation.  *See*

23   Dckt. Nos. 209, 212.  For the reasons stated below, plaintiff's motion for a preliminary

24   injunction must be denied.

25        A preliminary injunction will not issue unless necessary to prevent threatened injury that

26   would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

1

1    *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

2    F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

3    power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

4    *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a

5    party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

6    irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

7    and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

8    (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth

9    Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that

10   is, balancing the elements of the preliminary injunction test, so that a stronger showing of one

11   element may offset a weaker showing of another--survives *Winter* and continues to be valid.

12   *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words,

13   'serious questions going to the merits,' and a hardship balance that tips sharply toward the

14   plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter*

15   test are also met."  *Id.*

16        In cases brought by prisoners involving conditions of confinement, any preliminary

17   injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

18   court finds requires preliminary relief, and be the least intrusive means necessary to correct the

19   harm."  18 U.S.C. § 3626(a)(2).

20        Plaintiff requests that the court order non-parties to act, based on plaintiff's mere

21   speculation that at trial, he may not have adequate access to his legal materials or the ability to

22   shower and shave on a daily basis.  He also requests an explanation from non-parties regarding

23   the handling of his legal mail.  However, mere "[s]peculative injury does not constitute

24   irreparable injury to warrant granting a preliminary injunction."  *Caribbean Marine Servs. Co.,*

25   *v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).  Plaintiff has not demonstrated he will be

26   ////

irreparably harmed in the absence of the requested relief.[1]

Moreover, the relief that plaintiff requests would not remedy the claim on which this action proceeds, that is, an alleged instance of excessive force in August of 2005.  Plaintiff has not shown a likelihood of success on the merits, nor has he shown any relationship between the preliminary relief sought and the subject matter of this lawsuit.  There is no evidence establishing that plaintiff is likely to prevail on his excessive force claim, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so.

Finally, plaintiff's concerns regarding the processing of his mail cannot be adjudicated in this action, where they cannot be properly exhausted through the administrative appeals process. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011); Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit regards "the same transaction, occurrence, or series of transactions or occurrences" or "any question of law or fact common to all defendants").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (Dckt. Nos. 209, 212) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

---

[1] Defendants shall make reasonable efforts to facilitate plaintiff's ability to access his legal materials as needed, before and during trial, so as to avoid any unnecessary delays.

3

1  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  August 14, 2012.

4  

5  EDMUND F. BRENNAN

    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26