1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE A. GIPBSIN,

11          Plaintiff,                    No. 2:07-cv-0157 MCE EFB P

12      vs.

13   SCOTT KERNAN, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This action proceeds on plaintiff's Eighth Amendment excessive force

18   claim against defendants Deforest, Goni, Prater, Shelton, and Stone.  Trial is set for November

19   26, 2012.  Dckt. No. 204.  Pending before the court are several motions filed by plaintiff, in

20   which he requests: (1) assistance in making copies for trial; (2) to "reinstate" the High Desert

21   State Prison warden as a defendant; and (3) to renew his May 11th motion in limine.  *See* Dckt.

22   Nos. 216, 220, 221.

23          Plaintiff claims he needs assistance obtaining copies of exhibits for trial.  Plaintiff's

24   motion must be denied because plaintiff is not specific as to which exhibits he needs copied, or

25   whether he recently made a proper request for copies according to prison procedures.  Plaintiff's

26   filings merely show that in March and June of 2012, he requested copies for trial, but those

1

1   requests were denied as premature, because trial was still months away.  Dckt. No. 216; *see also*

2   Dckt. No. 220 at 5, 7.  Plaintiff's filings also show that defense counsel has made reasonable

3   efforts to facilitate plaintiff's ability to obtain necessary copies for trial.  *See* Dckt. No 220 at 9-

4   10 (April 20, 2012 letter from defense counsel stating she would be sending plaintiff another

5   copy of defendants' exhibits, that plaintiff could re-number the exhibits as his own, if needed,

6   and that if plaintiff that he had any problems obtaining copies, he could show the librarian her

7   letter or have the librarian call her).  According to the Pretrial Order, plaintiff has eight exhibits

8   (or categories of exhibits), many of which appear to duplicate defendants' exhibits.  Dckt. No.

9   204 at 9-10.  If there are still exhibits that plaintiff needs copied in preparation for trial, he must

10  make a proper request for copies pursuant to the procedures available at his institution.

11       Plaintiff also requests that the warden of High Desert State Prison be "reinstated" as a

12  defendant because "on 4-2-2009 Lassen County Superior Court sought criminal charges against

13  High Desert Warden through the representatives of the Attorney General Office."  Dckt. No.

14  220.  Plaintiff does not identify any arguable basis for adding a new defendant to this action or

15  even state what his claim or requested relief against the newly added defendant would be.

16  Construed as a motion to amend the complaint, plaintiff's request, apparently based on

17  information over three years old, must be denied.  Pursuant to the Discovery and Scheduling

18  Order, motions to amend the complaint were to be filed no later than February 12, 2010.  Dckt.

19  No. 145 at 4.  A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ.

20  P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline

21  despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

22  Cir. 1992).  Plaintiff's request is denied because he fails to show that good cause supports

23  modification of the scheduling order.  To the extent plaintiff also requests assistance in obtaining

24  copies of documents regarding his request to reinstate the warden as a defendant, *see* Dckt. No.

25  221 at 1, that request is denied.

26  ////

1    Plaintiff also seeks to renew his May 11, 2012 motion in limine, which the court

2  previously denied as premature.  Dckt. No. 204 at 3.  In the May 11 motion, plaintiff (1) claims

3  that he should be allowed to testify about the injuries he sustained during the August 12, 2005

4  incident, based on his personal knowledge, (2) objects to evidence of his no contest plea in

5  *People v Gibson* (Lassen County Superior Court No. CH023224), and (3) claims that his

6  testimony regarding his religious dietary needs, chrono, and requested accommodations should

7  not be limited.  Dckt. No. 199.  Plaintiff's motion to renew his motion in limine is granted, and

8  the court will address these evidentiary issues after briefing on motions in limine has concluded.

9    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to renew his motion in

10  limine is granted, and his requests for copies and to amend the complaint are denied.  The Clerk

11  of the Court shall terminate docket entries 216, 220, and 221.

12  DATED:  October 24, 2012.

13

14    EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26