1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   CLARENCE A. GIPBSIN,                     No.  2:07-cv-0157-MCE-EFB P

11                    Plaintiff,

12         v.                                 ORDER

13   SCOTT KERNAN, et al.,

14                    Defendants.

15

16         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On February 25, 2015, the U.S. Court of Appeals for the Ninth Circuit remanded

18   this action for further proceedings on plaintiff's First Amendment retaliation claim, finding that

19   this court had too narrowly construed the claim.  ECF No. 259.  Plaintiff now seeks appointment

20   of counsel, a settlement conference, and a trial date.  ECF Nos. 260-262.  Defendants oppose the

21   setting of a trial date and request that the court reopen discovery and law and motion for the

22   limited purpose of clarifying the basis of plaintiff's retaliation claim.  ECF No. 265.  Good cause

23   appearing, defendants' request to reopen discovery and law and motion is granted.  Plaintiff's

24   requests are denied without prejudice.

25         Plaintiff's retaliation claim, now broadened in scope, appears to be that on August 12,

26   2005, defendants Deforest, Goni, Prater, Shelton, and Stone retaliated against him, through acts of

27   intimidation and excessive force, because he requested a religious dietary meal and had filed prior

28   lawsuits.  *See* ECF No. 24 at 6-7; ECF No. 182.  Given the evolving nature of this claim,

                                                 1

1   however, defendants will be afforded the opportunity to conduct discovery concerning the factual

2   and legal basis of the claim against each defendant.  Until the basis of plaintiff's claim is clarified,

3   it is premature to set dates for a settlement conference or trial.

4           Plaintiff also requests that the court appoint counsel.  District courts lack authority to

5   require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States*

6   *Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

7   attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

8   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th

9   Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

10   consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

11   his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560

12   F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no

13   exceptional circumstances in this case.

14           Good cause appearing, IT IS HEREBY ORDERED that:

15       1.  The Clerk is directed to reopen this case;

16       2.  Discovery is reopened for the purpose of addressing the basis of plaintiff's retaliation

17           claim.  The parties may conduct discovery until September 25, 2015.[1]  Any motions

18           necessary to compel discovery shall be filed by that date.  All requests for discovery

19           pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than July 24,

20           2015.  Dispositive motions shall be filed on or before December 18, 2015.  Motions

21           shall be briefed in accordance with paragraph 7 of the order filed October 16, 2008.

22       3.  Plaintiff's motions for the appointment of counsel, a settlement conference, and a trial

23           date (ECF Nos. 260-262) are denied without prejudice.

24   DATED:  May 21, 2015.

25

26                           EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE

27

---

28   [1] Defendants may depose plaintiff via video-conference if video-conferencing equipment
is available at the institution in which plaintiff is housed.

2