UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>          Plaintiff,<br><br>     v.<br><br>SCOTT KERNAN, et al.,<br><br>          Defendants. | No. 2:07-cv-0157-MCE-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to compel discovery and a motion for a preliminary injunction. As explained below, both motions must be denied.

**I.     Motion to Compel**

Plaintiff seeks four specific documents or categories of documents through the instant motion to compel: (1) transcript of the Ninth Circuit oral argument on plaintiff's appeal; (2) transcript of plaintiff's deposition taken on August 28, 2015; (3) transcript of plaintiff's August 12, 2005 use-of-force interview; and (4) "any and all other evidence, documents that . . . have not already [been] provided to plaintiff." ECF No. 268 at 2.

As the moving party, plaintiff bears the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of defendants' responses are disputed, (3) why he believes defendants' responses are deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the

1

prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion"); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Plaintiff's motion must be denied for several reasons. First, the motion fails to state how or why defendants' responses to his discovery were inadequate. Indeed, it is unclear from the motion whether plaintiff even requested these documents from defendants through discovery in the first place. Second, the court cannot compel defendants to produce documents that do not exist. According to defendants, there is no transcript of the Ninth Circuit oral argument hearing or of plaintiff's use-of-force interview, and it is unclear what "other" evidence and documents plaintiff seeks. *See* ECF No. 271 at 2-3. Plaintiff did not file a reply brief or otherwise clarify his request in this regard. Lastly, defendants represent that they served plaintiff with a copy of the condensed transcript of his August 2015 deposition. *Id.* at 3. Thus, defendants have produced to plaintiff the only document sought that is known to exist. For these reasons, plaintiff's motion to compel is denied.

**II.     Motion for Preliminary Injunction**

Plaintiff also seeks a preliminary injunction in the form of a court order for "the attorney general office to personally enter the prison and expunge all [of plaintiff's] rule violation reports, . . . a one way ticket to any state . . . and [for plaintiff] to walk out from the court . . . as a paroled youth offender." ECF No. 272.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*,

326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Here, plaintiff has not shown a likelihood of success on the merits.  He alleges that on August 12, 2005, defendants Deforest, Goni, Prater, Shelton, and Stone retaliated against him, through acts of intimidation and excessive force, because he requested a religious dietary meal and had filed prior lawsuits.  *See* ECF No. 24 at 6-7; ECF No. 182; ECF No. 259.  Apart from plaintiff's unsupported allegations, there is no evidence establishing that plaintiff is likely to prevail on these First Amendment claims, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so.  Moreover, a writ of habeas corpus is plaintiff's "exclusive remedy" to the extent he seeks release from prison.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  For these reasons, plaintiff's motion must be denied.

**III.    Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 268) is denied.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 272) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 23, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE