UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEFOREST, et al.,<br><br>　　　　　　Defendants. | No. 2:07-cv-0157-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants DeForest, Goni, Prater, Shelton, and Stone (hereafter "defendants") have filed a motion for summary judgment.[1] ECF No. 278. Additionally, plaintiff has filed what he styles as a motion for permanent injunction. For the reasons addressed below, defendants motion must be granted and plaintiff's motion denied.

**I.　Background**

This action proceeds on plaintiff's amended complaint. ECF No. 24. At this time, only his First Amendment retaliation claim remains.[2] Defendants were granted summary judgment in

---

[1] All other defendants were previously dismissed. ECF Nos. 87 & 143.

[2] On November 27, 2012, a jury found that defendants had not violated plaintiff's Eighth Amendment rights by using excessive force against him. ECF Nos. 243 – 244. The U.S. Court of Appeals for the Ninth Circuit affirmed the dismissal of this claim. ECF No. 259.

1

1    part in 2011, and plaintiff's First Amendment retaliation claims were dismissed. ECF No. 195.
2    In reaching that decision, the court weighed only whether plaintiff was retaliated against for filing
3    a civil lawsuit related to his religious diet. The court also found that plaintiff had failed to present
4    sufficient evidence that defendants knew about that lawsuit at the time they allegedly retaliated
5    against him. ECF No. 188 at 6-7. That ruling was reversed. The U.S. Court of Appeals for the
6    Ninth Circuit determined that the scope of plaintiff's retaliation claim included not only alleged
7    retaliation for filing a civil lawsuit related to his religious diet, but also alleged retaliation for
8    requesting a religious dietary meal. ECF No. 259 at 3. Additionally, the Ninth Circuit found that
9    plaintiff had, by way of his deposition testimony, produced some evidence that defendants were
10   aware of his lawsuit at the time they allegedly retaliated against him. *Id*. Accordingly, the
11   retaliation claim was remanded for further proceedings. *Id*. at 4.
12          With respect to the retaliation claim, plaintiff alleges the following: On August 12, 2005,
13   correctional officers served plaintiff a food tray which contained meat – a violation of plaintiff's
14   meal "chrono" which specified that his religious beliefs entitled him to vegetarian meals. ECF
15   No. 24 at 6. Plaintiff held onto the food tray slot of his cell, refused to allow it to close, and
16   demanded to speak to a sergeant about his meal. *Id*. He was escorted to an office at the unit
17   where defendants told him that they did not care about his religious rights and declined to address
18   the shortcomings of his meal. *Id*. Plaintiff then stood up to return to his cell, but defendants
19   barred his way and began striking him. *Id*. In his deposition following the remand, plaintiff
20   claimed that this use of force was retaliation for: (1) filing prison grievances, (2) filing a civil
21   lawsuit, (3) asking for the appropriate religious meal, (4) asserting his constitutional rights, (5)
22   seeking to enforce his dietary "chrono", and (6) requesting to speak to a superior officer on
23   August 12, 2005. ECF No. 278-2 ¶ 20.
24          Defendants deny that the meal served was a violation of plaintiff's "chrono", that they
25   verbally asserted any intention to disregard plaintiff's rights, or that force was used to retaliate
26   against plaintiff for any protected activity. ECF No. 144. They argue that plaintiff was the
27   aggressor on August 12, 2005 and that force was necessary to restrain him. ECF No. 278-1 at 3.
28   /////

## II. Legal Standards

### A. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National*

*Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial. The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with their motion for summary judgment, defendants advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 278 at 2, 69; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**B. First Amendment Retaliation Standards**

To establish liability for retaliation in violation of the First Amendment, a prisoner must show five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not demonstrate that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69.

1  Conduct protected by the First Amendment includes communications that are "part of the
2  grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

### III.  Discussion

Defendants raise two arguments in support of their motion. First, they argue that no evidence demonstrates that they retaliated against plaintiff. Second, they argue they are entitled to qualified immunity. The court concludes that plaintiff has failed to present evidence upon which a reasonable fact finder could find retaliation and that defendants are entitled to summary judgment on that ground. The court declines to address second ground.

The primary[3] retaliatory action the defendants are alleged to have undertaken is the use of force which occurred on August 12, 2005. ECF No. 24 at 6-7. As noted above, however, a jury has already determined that this use of force was not excessive within the meaning of the Eighth Amendment. ECF No. 243. Prior to deliberating, the jury was instructed that plaintiff's claim could only succeed if he proved by preponderance of the evidence that: "(1) the defendants used excessive and unnecessary force under all circumstances; (2) the defendants acted maliciously and sadistically for the purpose of causing harm; and (3) the acts of the defendants caused harm to the plaintiff." ECF No. 240 at 13. The jury was also instructed to consider:

> [T]he need to use force, the relationship between the need and the amount of force used, whether defendants applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by the defendants, any efforts made to temper, the severity of a forceful response, and the extent of the injury suffered.

*Id*. Thus, the question of whether excessive force applied against him was necessarily decided adverse to plaintiff by the jury's verdict. His allegation that defendants began striking him forcefully, repeatedly, and without provocation as a way of retaliating against him is impossible to reconcile with the jury's verdict. The verdict in favor of defendants necessarily concludes that

---

[3] Plaintiff also asks the court to take judicial notice of two cases he has previously filed for the purpose of demonstrating that "retaliation takes many forms." ECF No. 282 at 2. While the court can take notice of those actions, they have no bearing on this case. Other forms of retaliation that are not explicitly alleged in this suit are immaterial.

the force used on August 12, 2005 was justified and cannot support a retaliation claim predicated on those same alleged facts. The Court of Appeals for the Second Circuit, faced with a similar question, held that:

> If the jury found, as it did, that the officers' use of force did not violate the Eighth Amendment, they necessarily found that it was justified and applied in good faith, and given this, there was no evidence that could have logically and consistently supported a finding for [plaintiff] on either his racial discrimination or religious retaliation claim.

*Baskerville v. Mulvaney*, 411 F.3d 45, 50 (2d Cir. 2005).[4]

For his part, plaintiff relies primarily on the amicus brief[5] which was filed in conjunction with his appeal, a copy of which is attached to his opposition. ECF No. 282 at 1-3, 8. The brief argues that the excessive force verdict is not dispositive of plaintiff's retaliation claim because a genuine issue of material fact remains as to whether plaintiff or one of the defendants struck the first blow and set off the altercation, the very dispute he presented to the jury. *Id*. at 16. The brief contends that the jurors "were not focused on resolving this issue" to the degree they otherwise might have been had plaintiff's retaliation claim also proceeded to trial. *Id*. at 20. But plaintiff did raise this issue in his trial testimony and it was central to his account of the use of force. The relevant testimony is as follows:

> And *suddenly out of nowhere, for no reason at all*, Sergeant Shelton grabbed my arm, and I yanked my arm, and I said, why are you grabbing me? You don't have no right to touch me. I hadn't did nothing wrong.
>
> And *suddenly I was hit in the mouth*. Then I found myself falling backwards, and I tried to grab forward, tried to block my fall, break my fall from falling over the desk because there was a desk right there in the office.

---

[4] The excessive force jury instructions and *Baskerville* are similar, though the instructions in *Baskerville* permitted the jury to consider whether any force applied was in retaliation for religious expression or racially discriminatory. *Baskerville*, 411 F.3d at 47-48. This distinction is not significant in the court's view, especially since the racial discrimination and religious retaliation claims themselves were never submitted to the jury in *Baskerville*. *Id*. at 49.

[5] This brief was submitted by Daniel Aguilar of Wilmer Cutler Pickering Hale and Dorr LLP.

7

1  ECF No. 257 at 127:14-21 (emphasis added).  By contrast, defendants testified that plaintiff

2  obligated them to use force by preparing to strike the official standing in the doorway and

3  actually striking the officer who tried to restrain him from doing so.  ECF No. 258 at 43:12-22.

4  These accounts present a significant divergence and it is unclear how the jury could have reached

5  their verdict - as both plaintiff and the amicus brief seem to suggest - without resolving this

6  question of credibility in defendants' favor.  The amicus brief offers one hypothesis by arguing

7  that the jury, pursuant to its instructions, could have determined that the force used was

8  unnecessary, that defendants used that force for the purpose of causing harm, but that the limited

9  extent of plaintiff's injuries still warranted an unfavorable verdict.  ECF No. 282.  The extent of

10  the plaintiff's injuries was only one factor to be considered, however.  Additionally, this

11  hypothetical is difficult to reconcile with the grave allegations at issue, which include being

12  struck in the mouth, falling over a desk, and being hit repeatedly in the head, ribs, and legs by

13  multiple assailants.  ECF No. 257 at 127-130. The matter might be different if plaintiff's

14  retaliation claim rested, at least in part, on some *de minimis* use of force which could fall below

15  the excessive force threshold but would otherwise be actionable if undertaken in retaliation.  No

16  such use of minor force is implicated in this case, however.

17  Plaintiff also seeks to bring a retaliation claim for being served meat.  He was provided a

18  fish entrée on the date in question and defendants, by way of their sworn declarations, state that

19  fish was an approved religious and vegetarian meal at that time.  ECF No. 279 at ¶¶ 6,15; ECF

20  No. 279-4 ¶ 14.  They also note that plaintiff's dietary "chrono" neither explicitly excluded fish

21  nor listed any specific food items which he could not ingest due to his religious beliefs. ECF No.

22  279-5 at 4.  Finally, defendants state that they did not have the authority to remove the fish entrée

23  because doing so would have left plaintiff with a meal that fell below prison nutritional

24  requirements.  ECF No. 279 ¶15; ECF No. 279-3¶¶ 9-10; ECF No. 279-4 ¶ 13.  Accordingly, this

25  claim fails.

26  /////

27  /////

28  /////

Plaintiff's claim based on defendants' allegedly derogatory or vulgar language preceding the use of force also fails. Verbal harassment, standing alone, is insufficient to state an adverse action for the purposes of retaliation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).[6]

**IV.     Plaintiff's Motion for Permanent Injunction**

On June 17, 2016, plaintiff filed a motion seeking a permanent injunction directing prison officials to respect his religious diet restrictions. ECF No. 288. Given the court's foregoing analysis that his last remaining claim must be dismissed, it is recommend that this motion be denied as moot. With the grant of summary judgment in favor of defendants, plaintiff cannot show a probability of success on the merits, or even that serious questions have been raised. Thus, plaintiff fails to meet the standard for injunctive relief. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006); *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1130-34 (9th Cir. 2010). Nor does he show injunctive relief is necessary to address irreparable harm. Indeed, there is no relation between the remaining retaliation claim and the alleged dietary shortcomings which plaintiff's requested injunction would address. The retaliation described in plaintiff's complaint allegedly occurred in August of 2005 and there is no indication that it is related to any problems with the meals he is currently being provided. It is well settled that injunctive relief should be used to address issues that are related to the violations alleged in the movant's complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

/////

/////

/////

/////

---

[6] Explicit threats of discipline or transfer, by contrast, are sufficient. *See Gomez v. Vernon*, 255 F.3d 1118, 1123 (9th Cir. 2001). Plaintiff does not allege such threats in the present case, however. Instead, he alleges that defendants mocked his religious and constitutional rights.

**V.     Recommendation**

For the reasons stated above, IT IS RECOMMENDED that defendants' motion for summary judgment (ECF No. 278) be granted, plaintiff's motion for permanent injunction (ECF No. 288) be denied as moot, that judgment be entered in defendants' favor, and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 2, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

10